(No. 2627—

THE CARSON-PAYSON COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

R. M. SHAW AND STEELY & STEELY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was originally filed March 5, 1933, for redress in the sum of Seven Thousand Three Hundred Fifteen and 82/100 Dollars ($7,315.82) by reason of delay and expense caused to claimant as a contractor, through poor material and delayed shipments by the State. The original claim was dismissed however and the claim in its present form was filed March 6, 1935, for Three Thousand Nine Hundred Sixty-six and 16/100 Dollars ($3,966.16).

Claimant is an Illinois Corporation located at Danville and engaged as contractors in plumbing, heating and ventilation construction work. A contract for this character of work was awarded claimant on December 9, 1931, in the sum of Twenty Three Thousand Twenty-five Dollars ($23,025.00) in connection with the erection of the Medium Security Building at the State Reformatory for Women at Dwight, Illinois. The general contractor on this project was the Willadson Construction Company. The stone for the building was manufactured and furnished by the State and the latter furnished its own inspectors to inspect the material that was furnished and to see that the plans and specifications were strictly followed. Claimant's damages are alleged to have resulted from delays caused by rejection of a large amount of stone work, some of which was ordered taken down after having been once placed by the masons; also further damage because of delay resulting from changes in the plans amounting to approximately one-fourth of the amount of the original contract, such changes having been made after construction was well under way. Claimant contends that as a result of these delays and intermittent changes, claimant's men were forced to sit idly by causing an increased cost of labor to claimant. Plaintiff also complains that the general contractor failed to keep water pumped out of the basement and that plaintiff was forced to have his own employees remove the water at least ten times in order to be able to continue their work. Claimant was notified on June 4, 1932, that revised architectural plans would be forwarded in the near future and claimant was thereafter compelled to await preparation of these plans from day to day, and to remain in readiness to proceed any time same were delivered; that the authorized changes and enlarged plans were not received by claimant

until September 16, 1932; that due to these delays between May 10th and September 16th a total loss of Three Thousand Nine Hundred Sixty-six and 16/100 Dollars ($3,966.16) represents a conservative total of the damage to claimant. No contention as to law or fact is raised by the State. The record shows that claimant did all of the installation work required of it as quickly as the construction of the building would permit; that during all of the delays claimant was required to maintain a superintendent and a certain force of workmen and foremen and equipment of supplies on the job; that at no time were the delays caused by claimant or its workmen, and that the delays caused claimant unjust losses. As these delays were largely caused by material changes and alterations in plans, it is legal and just that claimant should be paid therefor. The Architectural Department in a report dated March 21, 1935, states that the claim as now submitted has been thoroughly checked over by that Department and that the damages stated are justly and correctly computed.

An AWARD IS THEREFOR ALLOWED in favor of claimant in the sum of Three Thousand Nine Hundred Sixty-six and 16/100 Dollars ($3,966.16).